UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN CORRENTI, | ) | Case No. 1:21-cv-02372 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF CLEVELAND, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**OPINION AND ORDER**

Plaintiff John Correnti filed suit against the City of Cleveland, four John Doe individuals, and one John Doe corporation alleging violations of his property rights when the City demolished the structure on real property he owns either without notice or mistaking it for another property. Specifically, Plaintiff asserts claims for common-law negligence and under Section 1983 for violation of his federal civil rights. Defendants move to dismiss based on the applicable statute of limitations and for failure to state a claim under Rule 12(b)(6). (ECF No. 21.) For the reasons that follow, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's Section 1983 claim and declines to exercise supplemental jurisdiction over Plaintiff's remaining negligence claim.

**FACTUAL AND PROCEDURAL BACKGROUND**

According to the amended complaint, Plaintiff John Correnti owned real property in Cleveland, Ohio. (ECF No. 20, ¶ 3, PageID #84.) After purchasing the property, Mr. Correnti hired contractors for its rehabilitation. (*Id.*, ¶ 3, PageID #84.)

On November 1, 2018, the City issued four permits for Mr. Correnti to fix certain violations and undertake various repairs at the property. (*Id.*, PageID #88–91.) Just over a year later, on December 19, 2019, Mr. Correnti alleges that he received a bill for the cost of demolition of the structure on the property. (*Id.*, ¶ 3, PageID #84.) According to the complaint, Mr. Correnti did not know when the demolition occurred and only learned about it when he received the bill. (*Id.*) He maintains that the City either demolished the wrong structure or failed to provide notice to him. (*Id.*, ¶ 6.)

On December 20, 2021, Plaintiff filed a complaint against the City of Cleveland and five unnamed parties, referred to as "John Does 1–4 and John Doe Corporation." ([ECF No. 1](#).) Later, Plaintiff amended his complaint and alleged two causes of action: (1) common-law negligence (Count I); and (2) constitutional violations under 42 U.S.C. § 1983 (Count II). ([ECF No. 20](#), ¶¶ 11–18, PageID #84–86.) With respect to Section 1983, Plaintiff alleges of his "right to own property free of molestation of the government," a taking without just compensation, and a due process violation because of the alleged lack of notice. (*Id.*, ¶ 12, PageID #85.) Against the City, Plaintiff alleges that the City developed and maintains policies, practices, or customs that allowed these violations to occur and that exhibit deliberate indifference to the constitutional rights of Mr. Correnti and other property owners. (*Id.*, ¶¶ 13, 15 & 18, PageID #85–86.) Defendants move to dismiss based on the applicable statute of limitations and for failure to state a claim under Rule 12(b)(6). ([ECF No. 21](#).)

## ANALYSIS

To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint "states a claim for relief that is plausible, when measured against the elements" of the cause of action asserted. *Darby v. Childvine, Inc.*, 964 F.3d 440, 444 (6th Cir. 2020) (citing *Binno v. American Bar Ass'n*, 826 F.3d 338, 345–46 (6th Cir. 2016)). To meet Rule 8's pleading standard, a complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). To state a claim, a complaint must "raise a right to relief above the speculative level" into the "realm of plausible liability." *Twombly*, 550 U.S. at 555.

In assessing plausibility, the Court construes factual allegations in the complaint in the light most favorable to the plaintiff, accepts the factual allegations of the complaint as true, and draws all reasonable inferences in the plaintiff's favor. *Wilburn v. United States*, 616 F. App'x 848, 852 (6th Cir. 2015). In reviewing a motion to dismiss, the Court distinguishes between "well-pled factual allegations," which it must treat as true, and "naked assertions," which it need not. *Iqbal*, 556 U.S. at 628. The Court will also not accept as true "[c]onclusory allegations or legal conclusions masquerading as factual allegations[.]" *Eidson v. Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

On a motion under Rule 12(b)(6), the Court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to or made part of the complaint may also be taken into account. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). Defendants attach three documents to their motion to dismiss: a general warranty deed for the real property located at 3682 East 149th Street, in Cleveland, Ohio; notices of violation of building and housing ordinances; and photos of condemnation notices that were posted on the property. (ECF No. 21-1; ECF No. 21-2; ECF No. 21-3.) In response, Plaintiff requests the Court to treat Defendants' motion as one for summary judgment under Rule 56(d) and defer ruling on the motion to allow Plaintiff time to conduct discovery. (ECF No. 25, PageID #125–26.) At this stage of the proceedings, the Court does not consider matters outside the pleadings in resolving Defendants' motion. Therefore, the Court declines Plaintiff's request, and gives no consideration to them. In resolving Defendants' motion, the Court limits its inquiry to the allegations of the complaint, including the four permits Plaintiff made part of the pleading.

## I. Statute of Limitations

A two-year statute of limitations governs Section 1983 claims, *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003) (citing *Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989)), including those relating to takings and code enforcement, *LRL Props. v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1105 (6th Cir. 1995). Federal law governs when a Section 1983 claim accrues. *A to Z, Inc. v. City of Cleveland,* 281 F. App'x 458, 459 (6th Cir. 2008) (citing *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir.

2007)). A cause of action accrues "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *D'Ambrosio v. Marion*, 747 F.3d 378, 384 (6th Cir. 2014) (cleaned up). In other words, a cause of action accrues when the plaintiff knew of or should have known of the injury which forms the basis of his claims. *Eidson v. State of Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (citation omitted).

Defendants argue that Plaintiff's cause of action accrues on the date of the demolition—December 26, 2018. (ECF No. 21, PageID #98–99.) In support, Defendants point to the parties' initial disclosures as proof that Plaintiff had knowledge of the demolition. (*Id.*, PageID #99.) Again, a motion to dismiss limits the materials the Court may consider; therefore, the Court will not consider initial disclosures in resolving the pending motion. At the very latest, according to the amended complaint, Plaintiff did not have notice of the demolition until December 19, 2019, the date on which Mr. Correnti received a bill for the costs of the demolition. (ECF No. 20, ¶ 3, PageID #84.) But he did not file suit until December 20, 2021.

For purposes of determining whether Plaintiff missed timely filing suit by one day, two years after December 19, 2019 falls on Sunday, December 19, 2021 (if counting by year or by same day of the month) or Saturday, December 18, 2021 (if counting by days). Either way, Rule 6, which applies when "any statute . . . does not specify a method of computing time," provides that, if the deadline falls on a Saturday or Sunday, then "the period continues to run until the end of the next [business] day." Fed. R. Civ. P. 6(a)(1)(C). For this reason, at this stage of the proceedings, Plaintiff

timely filed his complaint. However, discovery might show that Mr. Correnti had knowledge before December 19, 2021, in which case the statute of limitations would bar his claims.

## II. Failure to State a Claim

Next, Defendants argue that Plaintiff fails to state a claim for municipal liability under Section 1983. (ECF No. 21, PageID #100–01; ECF No. 26, PageID #137.) "Section 1983 creates a federal cause of action against 'any person' who deprives someone of a federal constitutional right while acting under color of state law." *Red Zone 12 LLC v. City of Columbus*, 758 F. App'x 508, 515 (6th Cir. 2019) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691–92 (1978)). "A city can be a 'person' for the sake of a § 1983 claim." *Id.* (citing *Monell*, 436 U.S. at 690). "But [the city] cannot be held liable under § 1983 on a respondeat superior theory—or, in other words, because it employs a tortfeasor." *Id.* (citing *Monell*, 436 U.S. at 691). Rather, a local government may be sued under Section 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell*, 436 U.S. at 694. "The 'touchstone,' then, is an 'official policy' that causes the alleged constitutional violation." *Red Zone 12 LLC*, 758 F. App'x at 515 (citing *Monell*, 436 U.S. at 691).

A plaintiff can establish such a "policy or custom" by demonstrating "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or

acquiescence of federal rights violations." *Osberry v. Slusher*, 750 F. App'x 385, 397 (6th Cir. 2018) (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)). *Monell* holds that municipalities may be liable for the constitutional violations of their employees only where the municipality's policy or custom led to the violation. *Monell*, 436 U.S. at 694–95.

Defendants argue that Plaintiff's Section 1983 claim fails because he did not identify an "official policy that was the moving force behind the alleged deprivation of constitutional rights he claims to have suffered." (ECF No. 21, PageID #101; *see also* ECF No. 26, PageID #137.) In the amended complaint, Plaintiff has not identified a policy or custom that led to a violation of his constitutional rights. No facts alleged in the amended complaint describe an unofficial municipal policy, practice, or custom. To the extent the amended complaint mentions one, it does so only in conclusory terms. But without alleging facts pointing to "an official municipal policymaker under the circumstances," Plaintiff cannot establish a claim that the City is liable. *Red Zone 12 LLC*, 758 F. App'x at 516 (cleaned up). A city is liable under Section 1983 "only if the challenged conduct occurs pursuant to [the city's] 'official policy' such that [the city's] promulgation can be said to have 'caused' one of its employees to violate the plaintiff's rights." *D'Ambrosio*, 747 F.3d at 386 (quoting *Monell*, 436 U.S. at 692). Plaintiff fails to make such a showing against the City.

That leaves Plaintiff's claims against the Doe Defendants. The amended complaint contains no factual allegations directed at them. (ECF No. 20, ¶¶ 11–18, PageID #85–86.) Therefore, the Court concludes that Plaintiff fails to state a claim

7

against the Doe Defendants as well and **GRANTS** Defendant's motion to dismiss the claim under Section 1983.

### III. Supplemental Jurisdiction

"When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996). Pursuant to 28 U.S.C. § 1367(c)(3), this Court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . [it] has dismissed all claims over which it has original jurisdiction." Because comity to State courts is a substantial interest, there is "a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed." *Packard v. Farmers Ins. Co. of Columbus*, 423 F. App'x. 580, 584 (6th Cir. 2011). The Court should retain jurisdiction "only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh [the] concern over needlessly deciding state law issues." *Id*. (quoting *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006)).

In exercising that discretion, the Court may consider the convenience to the parties and expeditiousness in resolving the case. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 761 (6th Cir. 2000). Here, the case in its early stages, and the parties have not engaged in significant discovery. Therefore, the factors that guide the exercise of the Court's discretion weigh against consideration of Plaintiff's claim under State law. "Normally, when a court declines to exercise supplemental jurisdiction, the court dismisses the [State] claims without prejudice." *Bullock v. City*

*of Covington*, 698 F. App'x 305, 307 (6th Cir. 2017). Therefore, the Court **DISMISSES** Plaintiff's negligence claim **WITHOUT PREJUDICE**.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's Section 1983 claim and declines to exercise supplemental jurisdiction over Plaintiff's negligence claim. Therefore, the Court **DISMISSES** Plaintiff's negligence claim **WITHOUT PREJUDICE**.

**SO ORDERED.**

Dated: November 21, 2022

J. Philip Calabrese
United States District Judge
Northern District of Ohio